UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CENTRAL MUTUAL INSURANCE | : | |
| COMPANY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:13-cv-00031-WWE |
| | : | |
| ALLISON HOBBS, WILLIAM HOBBS, | : | |
| RAYMOND SQUATRIGILA, and | : | |
| B&C AUTOMOTIVE, LLC, | : | |
|     Defendants. | : | |

## MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This is an action by an insurance company seeking a declaratory judgment that it has no duty to defend in an underlying state court lawsuit. Central Mutual has moved for summary judgment, seeking a declaration that it has no duty to defend Squatriglia as a matter of law.

### BACKGROUND

All facts set forth in plaintiff's Local Rule 56(a)1 Statement and supported by evidence will be deemed admitted, as defendants did not file the required response pursuant to Local Rule 56(a)2.

By way of complaint dated October 10, 2012, the Hobbs defendants initiated a lawsuit against Squatriglia and B&C Automotive ("B&C") in the Connecticut Superior Court for the Judicial District of Waterbury.

The Hobbses assert claims against Squatriglia and B&C arising out of an automobile accident involving Ms. Hobbs and Squatriglia that occurred on January 14, 2012.

The Hobbs' lawsuit alleges that on the date of the accident, a motor vehicle operated by Squatriglia suddenly and without warning collided with a motor vehicle operated by Ms.

Hobbs.

Central Mutual issued a commercial auto insurance policy to B&C, bearing policy number BAP 9178346 ("the Policy"), with effective dates of July 6, 2011, to July 6, 2012.

The Policy covered dealer licence plates issued to B&C. Squatriglia was using a B&C dealer plate on his vehicle at the time of the automobile accident.

Central Mutual has declined to defend and indemnify B&C and Squatriglia in connection with the claims asserted against them in the Hobbs' lawsuit because the Policy does not provide coverage for the claims asserted therein.

Squatriglia was never an employee of B&C or its principal, Miquel Perez, nor were Squatriglia and Perez ever partners in business. Squatriglia had no ownership interest in B&C.

Perez let Squatriglia borrow the dealer plates and never received payment from Squatriglia in return for their use.

A Better Way Wholesale Autos ("Better Way") owned the vehicle that Squatriglia was operating at the time of the accident.

Beginning in 2010, Squatriglia and Better Way were involved in a business relationship for auto-body repair wherein Squatriglia would retrieve vehicles from Better Way and transfer them to his own garage for repair.

On the day of the accident, Squatriglia picked up the subject vehicle at Better Way and traveled toward Kimp Enterprises at 1750 Baldwin Street, Waterbury, Connecticut, to complete repair work.

The vehicle Squatriglia was operating was not loaned to him by B&C, nor was

Squatriglia acting in furtherance of B&C's business.

The Court entered default judgment as to B&C for failure to defend, declaring that Central Mutual has no duty under the Policy to defend or indemnify B&C in connection with the Hobbs' lawsuit or any other claims arising out of the subject accident.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper."  Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute.  American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981).  In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, then summary judgment is appropriate.  Celotex Corp., 477 U.S. at 323.  If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met.  Anderson, 477 U.S. at 249.

Central Mutual argues that the Policy does not provide coverage for Squatriglia for the claims asserted in the Hobbs' lawsuit.

Squatriglia responds with two arguments as to why he should be covered by Central Mutual's insurance policy.

First, Squatriglia argues that he should be covered because he rented the plates from B&C; as such, Squatriglia contends that the plate rental agreement was part of B&C's business operation and should be covered under form CA 2003 10 97(B)(1) ("CT Dealer or Repairer Plates Coverage"), which provides:

> B.   Any "auto" you operate while used with plates described in this endorsement is a coverage "auto," but only while:
>
> 1. Used for your garage business

Squatriglia never paid Perez or B&C for the use of the dealer plates at issue. Perez Dep. at 11, 20. Moreover, Squatriglia admitted at deposition that he was not operating the Subject Vehicle in furtherance of B&C's business. Squatriglia Dep. at 41-46. Accordingly, the Subject Vehicle was not covered under CA 2003 10 97(B)(1).

Second, Squatriglia argues that he should be covered by pursuant to form CA 2022 10 97(B)(3)(b), which provides:

> B.   Any "auto" while used with plates described in this endorsement is a covered "auto." However, the coverage applies only for:
> ***
> 3. Operation or transport of:
> ***
> b. A motor vehicle by an owner, repairer or manufacturer of vehicles or components thereof, in connection with the making of necessary repairs or modifications to the vehicle in connection with the sale or purchase thereof.

4

Although form CA 2022 10 97 modifies the insurance Coverage Forms at issue with respect to covered autos, it does not modify the definition of "insureds." Section II of the Policy defines "insureds":

> SECTION II – LIABILITY COVERAGE
>
> A.
> ***
> 1. Who Is An Insured
>
>    The following are "insureds":
>
>    a. You for any covered "auto."
>
>    b. Anyone else while using with your permission a covered "auto" you own, hire or borrow . . .

BUSINESS AUTO COVERAGE FORM, CA 0001 0306, SECTION II(A)(1)(a-b).

Despite the fact that Squatriglia was a repairer of vehicles transporting a motor vehicle in connection with the making of necessary repairs in connection with the sale or purchase thereof at the time of the accident, he was not using an auto that B&C owned, hired or borrowed. Accordingly, the Subject Vehicle was not covered under CA 2022 10 97(B)(3)(b).

## CONCLUSION

For the foregoing reasons, Central Mutual's motion for summary judgment [Doc. #48] is GRANTED. Central Mutual has no duty to defend or indemnify Squatriglia for the claims asserted against him in the Hobbs' lawsuit.

Dated this 19th day of November, 2014, at Bridgeport, Connecticut.

/s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE